# EXHIBIT C

FILED
DALLAS COUNTY
8/31/2017 3:20 PM
FELICIA PITRE
DISTRICT CLERK

Stephanie Clark

NO. _____

DC-17-11341

| | | |
|---|---|---|
| **MOSES AND MARGIE WARD** | § | **IN THE DISTRICT COURT** |
| Plaintiff | § | |
| | § | |
| **v.** | § | **JUDICIAL DISTRICT** |
| | § | |
| **LIBERTY INSURANCE** | § | |
| **CORPORATION**, *et al* | § | |
| Defendants | § | **DALLAS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION
### EXPEDIATED ACTION UNDER TRCP 169

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MOSES AND MARGIE WARD (herein "Plaintiff"), who files this, its Original Petition and Requests for Disclosure, against LIBERTY INSURANCE CORPORATION (herein "DEFENDANT INSURANCE COMPANY INSURANCE COMPANY") and TERESA SULTZBACH (herein "DEFENDANT SULTZBACH") and SUANY CRUZ (herein "DEFENDANT CRUZ") (DEFENDANT SULTZBACH and DEFENDANT CRUZ collectively referred herein as "DEFENDANT ADJUSTERSS") for cause of action would respectfully show the court as follows:

### I.

### Preliminary Information and Definitions

1. Insured:              MOSES AND MARGIE WARD

   Policy Number:        H37-298-582189-40 (herein "Policy")

   Claim Number:         033078193 (herein "Claim" or "Claims")

   Date of Loss:         12/26/2015 (herein "Date of Loss")

   Insured Property:     730 AUSTIN DRIVE, DE SOTO, TX

                         (herein "Property" or "Insured Property")

   Insurer:              LIBERTY INSURANCE CORPORATION

Attorney for Service: CORPORATION SERVICE COMPANY

211 E. 7TH STREET, STE. 620, AUSTIN, TX 78701-3218

## II.

### Discovery Control Plan

1. Plaintiff intends for discovery to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

## III.

### Request for Expedited Trial Date

2. Plaintiff requests that the set the case for a trial date that is within 90 days after the discovery period in Rule 190.2(b)(1) ends.

## IV.

### Parties

3. Plaintiff is an individual who resides in Texas.

4. DEFENDANT INSURANCE COMPANY is a "Foreign" company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company; or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.

5. DEFENDANT SULTZBACH is an individual that may be served in person or by certified mail to 5120 TYLER DRIVE, TROY, MI 48085-3488,

6. DEFENDANT CRUZ is an individual that may be served in person or by certified mail to 255

PRIMERA BLVD, STE. 300, LAKE MARY, FL 32746-2170.

## V.

## Jurisdiction

7. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court and Plaintiff seeks only monetary relief less than $100,000 or less, including damages or any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

8. The Court has jurisdiction over DEFENDANT INSURANCE COMPANY because DEFENDANT INSURANCE COMPANY engages in the business of insurance in the State of Texas and the cause of action arises out of DEFENDANT INSURANCE COMPANY's business activities in the State of Texas.

## VI.

## Venue

9. Venue is proper in DALLAS County, Texas because the insured property is situated in DALLAS County, Texas and/or the contract was signed in DALLAS County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032

## VII.

## Facts

10. Plaintiff was the owner of the Policy issued by DEFENDANT INSURANCE COMPANY.  Plaintiff owns the insured property.

11. DEFENDANT INSURANCE COMPANY assigned DEFENDANT INSURANCE ADJUSTERS as the individual ADJUSTERSs on the claim.  The ADJUSTERSs assigned to Plaintiff's claim were improperly trained and failed to perform a thorough investigation of Plaintiff's claim.  Specifically,

DEFENDANT INSURANCE ADJUSTERS conducted a substandard inspection of Plaintiff's

Property and spent a nominal amount of time inspecting Plaintiff's entire property and failed to

thoroughly inspect all of the damage to Plaintiff's Property. DEFENDANT INSURANCE

ADJUSTERS inadequate assessment of Plaintiff's damages is evidenced by his or her estimate which

failed to include all of Plaintiff's damages. DEFENDANT INSURANCE ADJUSTERS failed to

properly scope all of Plaintiff's damages, underestimate and undervalued the costs of repairs to

damaged items, thereby not allowing adequate funds to cover the cost of repairs to all the damages

sustained.

12. DEFENDANT INSURANCE COMPANY failed to thoroughly review and properly oversee the work

of the assigned claims representative and ADJUSTERSs.

13. DEFENDANT INSURANCE COMPANY sold the policy, insuring the property that is the subject of

this lawsuit to Plaintiff. The Plaintiff suffered a significant loss with respect to the property at issue,

and suffered additional living expenses.

14. Plaintiff submitted its claim to DEFENDANT INSURANCE COMPANY with a Date of Loss for

damage to the dwelling and contents of the home.

15. DEFENDANT INSURANCE COMPANY assigned a Claim Number to Plaintiff's claim.

16. DEFENDANT INSURANCE COMPANY failed to properly adjust the claim and summarily

improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural

damage.

17. DEFENDANT INSURANCE COMPANY improperly paid Plaintiffs claim for replacement of the

property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

18. DEFENDANT INSURANCE COMPANY failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy.  DEFENDANT INSURANCE COMPANY failed and refused to pay the full proceeds of the policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff.  Such conduct constitutes breach of the insurance contract between DEFENDANT INSURANCE COMPANY and Plaintiff.

19. DEFENDANT INSURANCE COMPANY misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid even though the damage was caused by a covered occurrence.  DEFENDANT INSURANCE COMPANY's conduct constitutes violations of the Texas Insurance Code.

20. DEFENDANT INSURANCE COMPANY failed to make an attempt to settle Plaintiff's claim in a fair manner although they were aware of their liability to Plaintiff under the policy.  DEFENDANT INSURANCE COMPANY's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(2).

21. DEFENDANT INSURANCE COMPANY failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, DEFENDANT INSURANCE COMPANY failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, DEFENDANT INSURANCE COMPANY did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies nor did it provide any explanation for the failure to adequately settle Plaintiff's claim.  DEFENDANT INSURANCE COMPANY's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(3).

22. DEFENDANT INSURANCE COMPANY failed to affirm or deny coverage of Plaintiff's claims within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from DEFENDANT INSURANCE COMPANY.  DEFENDANT INSURANCE COMPANY's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE § 541 060(4).

23. DEFENDANT INSURANCE COMPANY refused to fully compensate Plaintiff, under the terms of the policy, even though DEFENDANT INSURANCE COMPANY failed to conduct a reasonable investigation.  Specifically, DEFENDANT INSURANCE COMPANY performed an outcome-oriented investigation of Plaintiffs claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.  DEFENDANT INSURANCE COMPANY's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE § 541.060(7).

24. DEFENDANT INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claims. DEFENDANT INSURANCE COMPANY's conduct constitutes violations of the *Texas Prompt Payment of* Claims *Act*. TEX. INS. CODE § 542.055.

25. DEFENDANT INSURANCE COMPANY failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. DEFENDANT INSURANCE COMPANY's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE § 542.056.

26. DEFENDANT INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, DEFENDANT INSURANCE COMPANY has delayed full payment of Plaintiffs claims longer than allowed and, to date, Plaintiff

has not yet received full payment for the claims. DEFENDANT INSURANCE COMPANY's conduct

constitutes a violation of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE § 542.055.

27. From and after the time Plaintiffs claims were presented to DEFENDANT INSURANCE COMPANY,

the liability of DEFENDANT INSURANCE COMPANY to pay the full claims in accordance with the

terms of the policy was reasonably clear. However, DEFENDANT INSURANCE COMPANY has

refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable

insurance company would have relied on to deny the full payment. DEFENDANT INSURANCE

COMPANY's conduct equates to breaches of the common law duty of good faith and fair dealing.

28. As a result of DEFENDANT INSURANCE COMPANY's acts and omissions, Plaintiff was forced to

retain the attorney who is representing Plaintiff in this cause of action.

29. Plaintiffs experience is not an isolated case. The acts and omissions DEFENDANT INSURANCE

COMPANY committed in this case, or similar acts and omissions, occur with such frequency that they

constitute a general business practice of DEFENDANT INSURANCE COMPANY with regard to

handling these types of claims. DEFENDANT INSURANCE COMPANY's entire process is unfairly

designed to reach favorable outcomes for the company at the expense of the policyholders.

## VIII.

### Causes of Action:

30. Plaintiff incorporates Paragraphs 1 to 26 by reference.

### COUNT 1:

### Breach and Anticipatory Breach of Contract

31. DEFENDANT INSURANCE COMPANY 's conduct, as described in this petition, constitutes a

breach of the insurance contract made between DEFENDANT INSURANCE COMPANY and

Plaintiff.  Plaintiff anticipates that DEFENDANT INSURANCE COMPANY will continue in such breaches of contract.

32. DEFENDANT INSURANCE COMPANY's failure and refusal, as described above, to pay the adequate compensation as is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Furthermore, Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees for such violations of the Texas Insurance Code.

33. DEFENDANT INSURANCE COMPANY's conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE, Chapter 541.  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

34. DEFENDANT INSURANCE COMPANY's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

35. DEFENDANT INSURANCE COMPANY's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though DEFENDANT INSURANCE COMPANY's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

36. DEFENDANT INSURANCE COMPANY's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

37. DEFENDANT INSURANCE COMPANY's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

38. DEFENDANT INSURANCE COMPANY's unfair settlement practice, as described above, of refusing to pay Plaintiffs claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060, and § 541.061. Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"

39. DEFENDANT INSURANCE COMPANY's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE, Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

40. DEFENDANT INSURANCE COMPANY's failure, as described above, to acknowledge receipt of Plaintiffs claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE § 542.055-542.060.

41. DEFENDANT INSURANCE COMPANY's delay of payment of Plaintiffs claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claims. TEX. INS. CODE § 542.055-542.060.

## COUNT 2:

### Breach of the Duty of Good Faith and Fair Dealing

42. DEFENDANT INSURANCE COMPANY's conduct constitutes a breach of the common law duty of
good faith and fair dealing owed to insured's in insurance contracts.  See: *LIBERTY INSURANCE
CORPORATION v. Nicolau*, 951 S.W.2d 444, 1997 Tex. LEXIS 69 (Tex. 1997). DEFENDANT
INSURANCE COMPANY insurance company acted in bad faith when it denied a claim by plaintiff
insureds; in an action for property damage due to plumbing leaks the insurer was found to have hired
an investigating firm biased against finding liability, failed to follow up on substantial information
indicating the leaks were the cause of damage, and the court held that denial of coverage could have
been pre-textual.

43. DEFENDANT INSURANCE COMPANY's failure, as described above, to adequately and reasonably
investigate and evaluate Plaintiff's claims, although at that time DEFENDANT INSURANCE
COMPANY knew or should have known by the exercise of reasonable diligence that its liability was
reasonably clear, constitutes a breach of the duty of good faith and fair dealing, as well as
DEFENDANT INSURANCE COMPANY's canceling said Policy.

## COUNT 3:

### Deceptive Trade Practices & Unconscionable Conduct – Knowledge and Intent

44. DEFENDANT INSURANCE ADJUSTERS actions, as described above and below, constitute
multiple violation of Texas Deceptive Trade Practices & Unconscionable Conduct.

45. DEFENDANT INSURANCE COMPANY'S actions, as described above and below, constitute
multiple violations of Texas Deceptive Trade Practices & Unconscionable Conduct.

46. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally"
and was a producing cause of Plaintiff's damages described therein by Texas Deceptive Trade

Practices Act.

47. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive

Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly,

Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade

Practices Act pursuant to its tie-in provision.

48. At all times material hereto, Plaintiff was a consumer who purchased insurance products and services

from DEFENDANT INSURANCE COMPANY. DEFENDANT INSURANCE COMPANY has

violated the Texas Deceptive Trade Practices Act in one or more of the following manners:

    a.    Causing confusion or misunderstanding as to the source, sponsorship, approval, or

certification of goods or services;

    b.    Representing the goods or services have sponsorship, approval, characteristics, ingredients,

uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval,

status, affiliation, or connection which he does not;

    c.    Advertising goods or services with intent not to sell them as advertised;

    d.    Making false or misleading statements of fact concerning the reasons for, existence of, or

amount of price reductions;

    e.    Representing that an agreement confers or involves rights, remedies, or obligations which it

does not have or involve, or which are prohibited by law;

    f.    Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms

of a consumer transaction;

g. Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and/or

h. Engaging in an unconscionable course of conduct.

## COUNT 4:

### Violations of Texas Prompt Payment of Claims Act:

### Texas Insurance Code, Chapter 542:

### Strict Liability with No Good Faith Exception

49. DEFENDANT INSURANCE COMPANY's conduct, as described above, constitutes multiple violations of *Texas Prompt Payment of Claims Act.*

50. As described above, Plaintiff has a claim under an insurance policy, the insurer is liable for the claim and the insurer has failed to comply with the requirement of *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.051-542.061.

51. As described above, DEFENDANT INSURANCE COMPANY failed to perform one or more of the following duties not later than the 15th day (30th day if DEFENDANT INSURANCE COMPANY is a surplus lines insurer) after receipt of notice of at the claim:[1]

a. Acknowledge the claim. DEFENDANT INSURANCE COMPANY failed to acknowledge receipt of the claim, including separate claims arising from the same incident. TEX. INS. CODE § 542.055(a)(1). See *Dunn v. Southern Farm Bur. Cas. Ins. Co.,* 991 S.W.2d 467, 472 (Tex. App.-Tyler 1999, pet. denied);

b.  Record the acknowledgement.  DEFENDANT INSURANCE COMPANY failed to make a record of the date, means, and content of the acknowledgement.  TEX. INS. CODE § 542.055(c);

c.  Commence the investigation.  DEFENDANT INSURANCE COMPANY failed to make commence a reasonable investigation of the claim.  TEX. INS. CODE § 542.055(a)(2); and/or

d.  Request information from the claimant.  DEFENDANT INSURANCE COMPANY failed to request from the Plaintiff all items, statements and forms reasonably needed from Plaintiff. TEX. INS. CODE § 542.055(a)(3).

52. As described above, DEFENDANT INSURANCE COMPANY failed to perform one or more of the following duties after DEFENDANT INSURANCE COMPANY received all items, statements, and forms reasonable required by the Plaintiff:

a.  Accept of reject the claim.  DEFENDANT INSURANCE COMPANY failed to notify Plaintiff by the 15th "business day" that DEFENDANT INSURANCE COMPANY either accepts or rejects the claim.[23]  TEX. INS. CODE § 542.056(d);

b.  State reasons for any rejection.  DEFENDANT INSURANCE COMPANY failed to notify Plaintiff of any reasons for denying such claim.  TEX. INS. CODE § 542.056(c);

c.  Ask for more time and tell why it is needed.  DEFENDANT INSURANCE COMPANY failed to notify Plaintiff it needed more time and the reasons for seeking more time.  TEX. INS.

---

[1] TEX. INS. CODE § 542.055(a)
[2] DEFENDANT INSURANCE COMPANY has not indicated it suspects arson thus allowing 30 days. TEX. INS. CODE § 542.056(b)
[3] DEFENDANT INSURANCE COMPANY has not sought a 45 day extension.  TEX. INS. CODE § 542.056(d)

CODE § 542.056(d);

d.    Pay the claim after accepting. DEFENDANT INSURANCE COMPANY failed to pay the claim within five "business days" or twenty days if DEFENDANT INSURANCE COMPANY is a surplus lines insurer. TEX. INS. CODE § 542.057(a),(c);

e.    Pay the claim after the claimant performs any condition. If DEFENDANT INSURANCE COMPANY sought a condition on Plaintiff, it did not pay such claim within five "business days" or twenty days if DEFENDANT INSURANCE COMPANY is a surplus lines insurer after such condition was satisfied. TEX. INS. CODE § 542.057(b); and/or

f.    Pay the claim within 60 days after receipt of information. DEFENDANT INSURANCE COMPANY failed to pay the claim within 60 days after receiving the items requested from Plaintiff. TEX. INS. CODE § 542.058(a).

## COUNT 5:

### Unfair Insurance Practices:

### Texas Insurance Code, Chapter 541

53. DEFENDANT INSURANCE COMPANY's conduct, as described above, constitutes multiple violations of Unfair Insurance Practices.

54. DEFENDANT INSURANCE COMPANY assigned DEFENDANT INSURANCE ADJUSTERS to adjust the claim. DEFENDANT INSURANCE ADJUSTERS weren't properly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During all phases of the investigation, DEFENDANT INSURANCE ADJUSTERSS failed to properly assess Plaintiff's damages. Specifically, they failed to take into account several specific instances of obvious damage and misrepresented that Plaintiff's damages were either not covered under the Policy or did

not exceed the applicable policy deductible, when, in fact, the damages would have been much greater had a reasonable investigation been conducted.

55. DEFENDANT INSURANCE ADJUSTERS failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, her or she failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.  Further, DEFENDANT INSURANCE ADJUSTERS did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  Their unfair settlement practices as described above constitute Unfair Insurance Practices.

56. DEFENDANT INSURANCE ADJSUTER'S did not properly inspect the Property and failed to account for and/or undervalue many of Plaintiff's exterior and/or interior damages, although reprted by Plaintiff.  Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance.

57. DEFENDANT INSURANCE ADJUSTERS actions, as described above, constitute violations of Unfair Settlement Practices.

58. In addition, DEFENDANT INSURANCE ADJUSTERS

59. DEFENDANT INSURANCE COMPANY engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[4]:

   a.    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

---

[4] TEX. INS. CODE § 541.060

b.  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim:

i.  with respect to which the DEFENDANT INSURANCE COMPANY's liability has become reasonably clear; or

ii.  a claim under one portion of the policy of the claim with respect to which the DEFENDANT INSURANCE COMPANY's liability has become reasonably clear in order to influence Plaintiff to settle an additional claim under another portion of the coverage, unless payment under one portion of the coverage constitutes evidence of liability under another portion of the policy;

c.  failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for DEFENDANT INSURANCE COMPANY's denial of the claim or for the offer of a compromise settlement of the claim;

d.  failing within a reasonable time to:

i.  affirm or deny coverage of a claim to Plaintiff;

ii.  submit a reservation of rights to a Plaintiff;

e.  refusing, failing, or unreasonably delaying an offer of settlement under first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

f.  undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or

disputed claim; and/or

g.      requiring Plaintiff, as a condition of settling a claim, to produce Plaintiff's federal income tax returns for examination or investigation.

60. DEFENDANT INSURANCE COMPANY may have engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[5]:

a.      misrepresentations and false advertising of policy contracts;

b.      false information and advertising generally;

c.      defamation of insurers or persons engaged in the business of insurance;

d.      boycott, coercion, and intimidation in the business of insurance;

e.      false financial statements;

f.      stock operations and advisory board contracts;

g.      unfair discrimination;

h.      rebates;

i.      deceptive names, words, symbols, devises, and slogans; and/or

j.      misrepresentation of the insurance policies;

61. DEFENDANT INSURANCE COMPANY engaged in one or more of the following settlement

---

[5] TEX. INS. CODE § 541.151

practices with respect to a claim made by Plaintiff[6]:

a.      making an untrue statement of material fact;

b.      failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

c.      making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

d.      making a material misstatement of law; and/or

e.      failing to disclose a matter required by law to be disclosed, including failing to make disclosure in accordance with an other provision of the insurance code.

## COUNT 6:

## Fraud

62. DEFENDANT INSURANCE COMPANY and DEFENDANT INSURANCE ADJUSTERS knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril and Plaintiff having relied upon such fraudulent conduct, have been injured.

63. DEFENDANT INSURANCE COMPANY and DEFENDANT INSURANCE ADJUSTERS knowingly and with the reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions

---

[6] TEX. INS. CODE § 541.061

for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such fraudulent conduct, have been injured.

64. The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

## COUNT 7:

### Ongoing Conspiracy to Commit Illegal Acts

65. DEFENDANT INSURANCE COMPANY and DEFENDANT INSURANCE ADJUSTERS were a member of a combination of two or more persons whose object was to accomplish the stated illegal acts upon Plaintiff. DEFENDANT INSURANCE COMPANY, by and through their agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril of said claim, and Plaintiff having relied upon such conduct has been injured.

66. DEFENDANT INSURANCE COMPANY, by and through its agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy to commit stated illegal acts by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such conduct has been injured.

67. The conduct described was done intentionally and for the purpose of having Plaintiff rely on such

fraudulent conduct thereby causing Plaintiff to suffer injury.

## IX.

## Damages and Prayer

68. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendants and prays that Defendants be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendants the following:

a.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and or producing causes of damages sustained by Plaintiff.

b.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the policy benefits withheld, together with consequential damages and attorney's fees.

c.    For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and mandatory attorney's fees.  See *Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.] 2007, no pet.)  For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times economic damages and three times mental anguish damages.  See TEX. INS. CODE § 541.152 and TEX. BUS. & COM. CODE § 17.50.

d.    For noncompliance with *Texas Prompt Payment of Claims Act*, which is strict liability without any good faith exceptions, Plaintiff is entitled to the amount of her claims, as well as eighteen

(18) percent interest on the total amount of the claim per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which she may show here to be justly entitled.  See *Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty*, No. 05-00-01171-CV, 2001 Tex. App. LEXIS 5493 (Tex. App.—Dallas Aug. 15, 2001, pet. denied) (unpublished). The formula for calculating the interest penalty under this article is "$I = P\,R\,T$," where "$I$" is interest, "$P$" equals the principal, "$R$" equals the rate of interest, and "$T$" equals time over which interest is to be calculated.  Thus, where the insurer tendered less than the face value of the policy, the penalty should have been calculated until judgment was entered against the insurer.  Tender of partial payment of a claim does not reduce the penalty: the penalty is calculated based on the amount of the "claim," not the difference between the claim and any partial payment that is made. See *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 106 S.W.3d 174, 183-84 (Tex.App.—Amarillo 2003, pet. denied).  Also See *Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 461 (5[th] Cir. 1997).  Violations of Tex. Ins. Code § 542 are strict liability without any exception.

e.     For breach of the common law duty of good faith and fair dwelling, actual damages, direct and indirect consequential damages, exemplary damages and mental anguish as to be determined by the jury.  See *Lee v. Safemate Life Ins. Co.*, 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex. App.—El Paso 1987, writ dism'd).  Exemplary damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions; mental anguish damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions.

f.     For fraud, Plaintiff seeks damages for breach of contract.  *Albin v. Isotron Corp.,* 421 S.W.2d

739, 744 (Tex. Civ. App.-Texarkana 1967, writ ref'd n.r.e).  Upon a finding of actual fraud,

Plaintiff seeks exemplary damages as to be determined by the jury. TEX. CIV. PRAC. & REM.

§ 41.003(a)(1).

g.     For ongoing civil conspiracy, Plaintiff seeks joint and several damages to which the

conspirators caused Plaintiff along with exemplary damages as determined by the jury.

h.     Plaintiff seeks attorney fees at a contingent rate of forty-five percent as allowed by law.  If

attorney fees must be quantified at an hourly rate, Plaintiff seeks attorney fees at $450 an hour.

See *Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 1994 Tex. App. LEXIS 1480 (Tex.

App.—Austin 1994, writ denied).  Attorney's fees are awarded to a party as part of the

damages owed by an insurance company that violates this chapter, and it is appropriate to

require the insurer to pay a contingency fee, which may be greater than an hourly fee.  The

specter of large attorney's fee awards may serve as additional incentive to the insurance

company to respond promptly and diligently to its insured's claims.

i.     Furthermore, the denial and/or wrongful delay to provide Plaintiff with insurance benefits by

DEFENDANT INSURANCE COMPANY was apparently part of a common plan, routine,

scheme, and design calculated to deny insurance benefits to policy holders.  In order to punish

DEFENDANT INSURANCE COMPANY and to set an example and thereby prevent other

policyholders from being treated in this manner, exemplary damages should be awarded.

Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate.

## X.

## JURY DEMAND

69. Plaintiff respectfully demands a trial by jury and remits such fee.

## XI.

## PLAINTIFF MAKES 194 REQUESTS TO ALL DEFENDANTS

70. In addition to the content subject to disclosure under Rule 194.2, Plaintiff requests disclosure of all documents, electronic information, and tangible items that the Defendants has in its possession, custody, or control and may use to support Defendants' claims or defenses.

Respectfully Submitted,

**DICK LAW FIRM, PLLC**

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
Dick Law Firm, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
(713) 498-7969 Cellular
(713) 893-6931 Facsimile
www.dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**